UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

N° 07-CV-2049 (JFB) (AKT)

———————————

JOSEPH R. ERCOLE,

Plaintiff,

VERSUS

UNITED STATES DEPARTMENT OF TRANSPORTATION,

Defendant.

———————————

MEMORANDUM AND ORDER
September 10, 2008

———————————

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Joseph R. Ercole (hereinafter, "plaintiff" or "Ercole") brings this action against the U.S. Department of Transportation (hereinafter, "defendant" or "USDOT"), alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"), as well as violations of the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. §§ 4031 *et seq*. ("USERRA") and the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Plaintiff also sues for violations on behalf of all U.S. citizens and taxpayers overseas throughout the United States for alleged improper hiring practices of the United States government.

Defendant now moves pursuant to 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss plaintiff's complaint. For the reasons set forth below, defendant's motion to dismiss is granted. However, the Court grants plaintiff leave to replead the Title VII discrimination claim to provide an opportunity to correct the defects described *infra*.

I. BACKGROUND

A. Facts

The following facts are taken from the complaint and are not findings of fact by the Court. The Court assumes these facts to be true for the purpose of deciding this motion and construes them in the light most favorable to plaintiff, the non-moving party. As plaintiff is proceeding *pro se*, the Court has reviewed the complaint broadly, and interpreted it to raise the strongest arguments possible.

### 1. Plaintiff's Employment

Plaintiff was employed with the United States Merchant Marines Academy ("USMMA") in the Procurement Department. (Am. Compl. ¶ 4.) According to the amended complaint, plaintiff was mobilized to active military duty from October 22, 2001 through July 2, 2002 due to the events of September 11, 2001. (*Id.*) Plaintiff alleges that, while he was on active duty, USMMA contracted with Tai Pedro Associates, Inc. ("Tai Pedro"), a private contractor, and hired three non-federal "contract support personnel" to work at the USMMA. (*Id.*)

In July 2002, plaintiff returned from his active military duty and resumed employment with the USMMA's Procurement Department. (*Id.*) The amended complaint alleges that, upon returning, plaintiff expressed concerns to his supervisors about the employment contracts that were made with Tai Pedro while plaintiff was away. (*Id.* ¶ 5.) Specifically, plaintiff complained that defendant circumvented federal hiring practices by hiring non-federal employees from Tai Pedro and that the non-federal employees hired were "inept" and were causing the plaintiff damages. (*Id.* ¶¶ 5, 15.) The amended complaint alleges that plaintiff requested information from supervisors about the employment contracts made with Tai Pedro. (*Id.* ¶ 5.) Plaintiff claims that was told by his supervisors that he "had no right to any information." (*Id.*)

### 2. Plaintiff's FOIA Requests

Plaintiff alleges that he filed a letter to the USDOT Headquarters in Washington D.C. pursuant to FOIA to find out information about the USDOT, USMMA, and Tai Pedro contracts. (*Id.* ¶ 6.)[1] According to the amended complaint, plaintiff received no response to this initial request. (*Id.* ¶¶ 6, 11.) Plaintiff also alleges that he met with Robert Safarik ("Safarik"), a USMMA Equal Employment Opportunity ("EEO") Representative, on February 16, 2005. (*Id.*)

Plaintiff claims that, on April 2, 2005, he "fished" on the internet and obtained information regarding the existence of a USDOT Task Order (#DTTS59-02D-00459) (the "Task Order") relating to the Tai Pedro contracts, which was under the control of USDOT Contracting Officer, Mark Welch ("Welch"). (*Id.* ¶ 7.) Plaintiff further claims that, on April 2, 2005, he contacted Welch regarding the Task Order, and that Welch confirmed that he was aware of the Task Order, but did not want to discuss it. (*Id.* ¶ 8.)

On April 9, 2005, plaintiff received a response to his FOIA request from Joel C. Richard, USDOT Acting FOIA Officer, which stated, "The Maritime Administration does not maintain the particular Task order that you are requesting. Our files have been reviewed and it has been found that we have not issued anything to the company on the order." (*Id.* ¶ 10; Pl.'s Exh. B.) Plaintiff alleges that he approached both his supervisor and Safarik about the discrepancy between the contract he found on the internet and the FOIL response that alleges no contract exists, but was ignored and received no response. (*Id.* ¶ 11.) Plaintiff contends that, on September 10, 2005, he also emailed Daron Threet, Esq., the USDOT Counsel of Ethics Department, regarding the

---

[1] Although plaintiff refers to the letter as Exhibit A, the Court notes that Exhibit A is plaintiff's second FOIA request, dated October 3, 2005 (discussed below). Plaintiff does not attach any exhibits evidencing his initial FOIA request.

discrepancies, and never received a response. (*Id.* ¶ 12.)

On September 19, 2005, plaintiff made another FOIA request to Ann P. Herchenrider, Esq. ("Herchenrider"), USDOT Trial Attorney, Office of Chief Counsel, Maritime Administration, for information regarding "the names of all responders to the solicitation contract action" relating to the Task Order. (*Id.* ¶ 14.) Plaintiff alleges that he received a response from Herchenrider directing him to contact Kathy Ray ("Ray") of the USDOT Office of the Secretary of Transportation at the same USDOT address he had made his first FOIA request. (*Id.*; Pl.'s Exh. A.) On October 3, 2005, plaintiff made a FOIA request to Ray, who responded that the Task Order exists. (*Id.*; Pl.'s Exh. C.) A copy was sent to plaintiff in January 2007. (*Id.*)

In January 2007, plaintiff wrote to Ned Schwartz of the USDOT Inspector General's Office in New York City, but alleges that he did not receive a response to his letter. (*Id.* ¶ 16.) Plaintiff also alleges that he followed up with two telephone calls to Schwartz, but was told Schwartz was not in so he left a message. (*Id.*) Plaintiff alleges that he has not received a response from Schwartz to date. (*Id.*) Plaintiff contends that, in March 2007, he went to the USDOT Inspector General's Office in Washington, D.C., and personally spoke with Pamela Steele-Nelson, Chief of Complaint Center Operations, and was told their office would respond back to plaintiff. On April 3, 2007, plaintiff received an e-mail from Steele-Nelson, stating a response would be forthcoming. (*Id.*; Pl.'s Exh. D.) Plaintiff alleges that no further contact or follow-up was made by the defendant since April 3, 2007, and the USDOT Inspector General's Office has not addressed plaintiff's complaint to date. (*Id.*)

### 3. Plaintiff's MSPB Appeal

On September 19, 2005, plaintiff sought intervention from the United States Merit Systems Protection Bureau ("MSPB"). (*Id.* ¶ 13.) According to the amended complaint, the MSPB office has not responded to plaintiff's appeal for over a year. (*Id.*)

### 4. Unfair Hiring Practices

Plaintiff alleges that, in April 2004, the USMMA announced that they had a vacant specialist position available. (*Id.* ¶ 18.) The amended complaint alleges that the Federal Office of Personnel Management regulations at the USMMA refused plaintiff's application for the specialist position. (*Id.*) The complaint further alleges that USMMA "circumvented Federal hiring practices" by hiring a "non-federal employee" in April 2004. Plaintiff also alleges another federal employee was hired in April 2005 while the vacancy announcement had only one position available. (*Id.*)

### B. Procedural History

Plaintiff filed a complaint in this action on May 18, 2007. On June 1, 2007, plaintiff filed an Amended Complaint. On November 2, 2007, defendant moved to dismiss the Amended Complaint. Plaintiff filed a response on February 4, 2008.

## II. STANDARD OF REVIEW

The defendants have moved to dismiss both under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

3

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In reviewing a motion to dismiss under Rule 12(b)(1), the court "must accept as true all material factual allegations in the complaint, but we are not to draw inferences from the complaint favorable to plaintiffs." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004) (citation omitted). Moreover, the court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but we may not rely on conclusory or hearsay statements contained in the affidavits." *Id.* (citations omitted). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

In reviewing a motion to dismiss under Rule 12(b)(6), a court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). The plaintiff must satisfy "a flexible 'plausibility' standard, which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in original). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, – U.S. – , 127 S.Ct. 1955, 1969 (2007). The Court does not, therefore, require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

"A court presented with a motion to dismiss under both Fed. R. Civ. P. 12(b)(1) and 12(b)(6) must decide the 'jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits, and therefore, an exercise of jurisdiction.'" *Coveal v. Consumer Home Mortgage, Inc.*, No. 04-CV-4755 (ILG), 2005 U.S. Dist. LEXIS 25346, at *7 (E.D.N.Y. Oct. 21, 2005) (quoting *Magee v. Nassau County Med. Ctr.*, 27 F. Supp. 2d 154, 158 (E.D.N.Y. 1998)); *see also Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990) (noting that a motion to dismiss for failure to state a claim may be decided only after finding subject matter jurisdiction).

Moreover, as the Second Circuit recently emphasized in *Sealed Plaintiff v. Sealed Defendant*, "[o]n occasions too numerous to count, we have reminded district courts that when [a] plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally. . . . This obligation entails, at the very least, a permissive application of the rules governing the form of pleadings. . . . This is particularly so when the *pro se* plaintiff alleges that her civil rights have been violated. Accordingly, the dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases." No. 06-1590-cv, 2008 U.S. App. LEXIS 17113, at *15-*16 (2d Cir. Aug. 12, 2008) (citations and quotation marks omitted); *see also Weixel v. Bd. of Educ. of the City of N.Y.*, 287 F.3d 138, 145-46 (2d Cir. 2002) (holding that when plaintiff is appearing *pro se*, the Court shall "'construe [his complaint] broadly, and

interpret [it] to raise the strongest arguments that [it] suggests.'") (quoting *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir.2000)); *accord Sharpe v. Conole*, 386 F.3d 482, 484 (2d Cir. 2004).

III. DISCUSSION

A. Title VII Claim

1. Exhaustion

As a threshold matter, USDOT claims that plaintiff's Title VII employment discrimination claim should be dismissed because plaintiff failed to allege a timely exhaustion of administrative remedies.[2]

Title VII requires that an employment discrimination claimant pursue administrative procedures before commencing a lawsuit and imposes a deadline for the initiation of such procedures. *See generally* 42 U.S.C. § 2000e-16; *Briones v. Runyon*, 101 F.3d 287, 289-90 (2d Cir. 1996). Under EEOC regulations, an aggrieved agency employee who believes she has been discriminated against must consult with a counselor at the agency's EEO office within 45 days of the alleged discriminatory act. *See* 42 U.S.C. § 2000e-16; 29 C.F.R. § 1614.105(a)(1) (2007); *Fitzgerald v. Henderson*, 251 F.3d 345, 358-59 (2d Cir. 2001); *Pauling v. Sec'y of the Dep't of Interior*, 160 F.3d 133, 133-34 (2d Cir. 1998). The 45-day period serves as a statute of limitations; thus, as a general rule, claims alleging conduct that occurred more than 45 days prior to the employee's initiation of administrative review are time-barred. *See, e.g., Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Downey v. Runyon*, 160 F.3d 139, 145-46 (2d Cir. 1998).

In the instant case, plaintiff does not allege that he has exhausted his remedies. The only allegation in the complaint even relating to the EEOC is plaintiff's allegation that, on February 16, 2005, plaintiff met with Safarik, a USMMA EEO Representative. (Am. Compl. ¶¶ 6, 11.) There is no indication that the EEOC meeting was in relation to any discrimination charges. Moreover, as discussed below, plaintiff does not even describe what the alleged discriminatory act is that formed the basis for such a meeting. The only allegations in the complaint with respect to unfair hiring practices relate to two alleged actions in 2004 and April 2005, where plaintiff alleges that USMMA "circumvented Federal hiring practices." (Am. Compl. ¶ 18.) However, the alleged EEOC meeting in February 2005 would be well beyond the 45 day statute of limitations from any action in 2004 and, therefore, would be untimely. Likewise, the alleged April 2005 action would

---

[2] The USDOT also argues that the Court does not have subject matter jurisdiction over plaintiff's purported Title VII claim against the USDOT because plaintiff failed to name the proper party in his charge of discrimination. Specifically, the USDOT claims that the plaintiff has named only the USDOT, and not the head of the agency in his charge of discrimination to the EEOC. This Court agrees. Naming the defendant is a prerequisite to commencing a Title VII action when filing a complaint with the EEOC or an authorized state agency. 42 U.S.C. § 2000e-5(f)(1)(a); *accord Johnson v. Palma*, 931 F.2d 203, 209 (2d Cir. 1991). Here, plaintiff fails to name the head of the USDOT in his complaint. However, even assuming *arguendo* that plaintiff had named the proper party, the Court still dismisses the Title VII claim for the reasons set forth in this Memorandum and Order. Accordingly, the Court will give the plaintiff a chance to amend and re-plead in accordance with the instructions set forth below, including amending the caption to name the proper party.

5

have occurred after plaintiff allegedly spoke with the EEOC representative and, therefore, could not be the subject of that EEOC complaint. Moreover, to the extent that plaintiff is alleging that the refusal to provide him with FOIA information in 2002 was a discriminatory action, the February 16, 2005 meeting with the EEO representative would similarly be untimely. The allegations in the Amended Complaint do not demonstrate that plaintiff has timely exhausted his administrative remedies and, in fact, indicate that his meeting in 2005 was well beyond 45 days from any discrimination plaintiff alleged.

Although plaintiff provides additional details in his Opposition to Defendant's Motion to Dismiss, those arguments suffer from the same defects as the Amended Complaint. In his opposition papers, plaintiff argues that he filed a complaint with Safrik in both 2002 and 2003, but defendant did not respond. (Pl.'s Mem. in Opp., at 5.) Plaintiff further argues that he contacted the EEOC in July 2003. (*Id.* at 5-6.) Finally, plaintiff argues that he contacted the EEOC on April 5, 2005, and "sent the EEOC questionnaire of formal complaint," but was ignored. (*Id.* at 6.) These allegations, not mentioned in the Amended Complaint, are similarly unconnected with any discriminatory act. Moreover, as discussed in detail below, plaintiff's conclusory allegations fail to state a discrimination claim sufficient to survive a motion to dismiss. The Court cannot determine, based on the unclear and varying allegations both in the Amended Complaint and in the plaintiff's opposition papers, whether plaintiff has exhausted his administrative remedies. Therefore, the Court dismisses plaintiff's discrimination claim without prejudice with leave to replead to adequately allege that such remedies were exhausted.[3]

### 2. Failure to State a Claim

Even assuming *arguendo* that plaintiff's Title VII claim was properly exhausted, defendant argues that the amended complaint should still be dismissed because plaintiff has failed to set forth the minimal requirements under Rule 12(b)(6). For the following reasons, the Court agrees.

A plaintiff in an employment discrimination case need only provide a "short and plain statement" that "'give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz v. Sorema*, N.A., 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Baldwin v. LIJ N. Shore Health Sys.*, 392 F. Supp. 2d 479, 482-83 (E.D.N.Y. 2005).

---

[3] By letters dated March 18, 2008 and March 27, 2008, plaintiff requested a stay in the instant proceedings on the ground that the USDOT EEOC and the U.S. Office of Special Counsel are reviewing plaintiff's discrimination complaint. For the following reasons, the Court denies plaintiff's request. First, the discrimination claim to the EEOC post-dates the complaint filed in this action by nearly nine months, as indicated by defendant in its opposition papers. (*See* Def.'s Opp. to Pl.'s Motion to Stay, at 2.) For instance, the documents attached to plaintiff's letter state that the EEOC complaint that plaintiff is referring to was filed on February 7, 2008. (Defendant states that the actual filing date was February 5, 2008.) The complaint in the instant action was filed May 18, 2007. Accordingly, the motion to dismiss in the instant action does not implicate the new EEOC complaint just filed in 2008. Second, any action with the U.S. Office of Special Counsel does not implicate the instant case and, therefore, there is no basis for granting a stay. Thus, plaintiff's request for a stay is denied.

To establish a *prima facie* case of discrimination under Title VII, a plaintiff must show (1) membership in a protected class; (2) satisfactory job performance; (3) an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discrimination. *Cruz*, 202 F.3d at 567. Although an employment discrimination complaint need not contain specific facts establishing a *prima facie* case under *McDonnell Douglas*, the complaint must allege facts that give fair notice of his claim and the grounds upon which it rests. *See Swierkiewicz*, 534 U.S. at 512; *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

Here, it is not at all clear when, if at all, any discriminatory conduct occurred. Plaintiff alleges "employment discrimination" in his complaint without providing any fair notice of what his claim is or the grounds upon which it rests. Specifically, plaintiff alleges that, because the defendant did not offer plaintiff the promotion to a vacant "specialist" position at the USMMA, but rather offered the position to a non-federal employee, defendant discriminated against plaintiff. However, nowhere in plaintiff's complaint does plaintiff allege that he was discriminated against based on his membership in a protected class or when such alleged discrimination occurred. Moreover, although plaintiff submitted numerous documents in opposition to defendant's motion, none of these submissions include any factual allegations in support of a claim of discrimination. The only reference to employment discrimination appears in plaintiff's opposition papers to defendant's motion to dismiss. There, plaintiff argues that "[d]efendant has discriminated against Plaintiff based on military status as a Navy Reserve (SELRES), age (Plaintiff is over 40 years), skin color, by not timely responding to Plaintiff's FOIA and incorrectly responding to FOIA by lying to Plaintiff, and by structuring the office employment positions against plaintiff." (Pl.'s Opp. to Def.'s Motion, at 5.) Even this sole allegation is insufficient to satisfy a motion to dismiss. First, plaintiff's status as a naval reservist is not a protected class under Title VII. *See* 42 U.S.C. § 2000e-2 (forbidding discrimination based on an individual's race, color, religion, sex, or national origin). Furthermore, any allegations of age discrimination would fall under the ADEA, not Title VII. There is no indication that plaintiff is asserting an age discrimination claim, nor that he has properly exhausted an age discrimination claim. Finally, although plaintiff alleges race discrimination, plaintiff does not allege any facts related to race, other than the aforementioned conclusory sentence, in support of a claim that he was discriminated on based on his skin color. Instead, the entire complaint is focused on his claim that he did not receive a promotion while a "non-federal" employee did, which has no alleged relation to his race, or any protected class.

Notwithstanding the liberal pleading standard in Title VII cases (especially for *pro se* litigants), the complaint as written does not describe any factual allegations to support the vague and conclusory assertion that the treatment he received by USDOT was discriminatory. The complete absence of any such allegations articulating plaintiff's discrimination claim fails to satisfy even this most liberal standard. *See, e.g., Yusuf v. Vassar College*, 35 F.3d 709, 713-14 (2d Cir. 1994) (dismissing claims based on plaintiff's conclusory assertions of racial and gender discrimination against a university); *Timmons v. City of Hartford*, 283 F. Supp. 2d 712, 717-

18 (D. Conn. 2003) (dismissing complaint based in part on the fact that no factual allegations were provided in support of discrimination claim); *Richards v. Frank*, No. CV-89-3087, 1991 WL 35502, at *1-*2 (E.D.N.Y. Mar. 6, 1991) (holding it appropriate to grant a motion to dismiss a discrimination claim where claim is not supported by factual allegations). The amended complaint fails to give the USDOT fair notice of the factual allegations by plaintiff of any alleged discriminatory conduct and, therefore, fails to set forth the minimal requirements under Rule 12(b)(6). *See Swierkiewicz*, 534 U.S. at 512. However, the Court will provide an opportunity for plaintiff to correct these pleading defects by filing an amended complaint. Therefore, the discrimination claim is dismissed without prejudice.

### B. USSERA Claim & MSPB Appeal

To the extent that plaintiff is seeking to bring this action to either review his MSPB appeal or assert a claim under USERRA, defendant also moves to dismiss these claims for lack of subject matter jurisdiction. The Court agrees with defendant and dismisses these claims.

The purpose of USSERA is to "prohibit discrimination against persons because of their service in the uniformed services." 38 U.S.C. § 4301(a)(3) (2000). However, "Section 4324 does not authorize a private USERRA action against the Federal Government, as an employer, in federal district court; rather, it confers jurisdiction upon the Merit Systems Protection Board ("MSPB")." *Dew v. United States*, 192 F.3d 366, 372 (2d Cir. 1999) (holding that employees of federal intelligence agencies are precluded from suing their employers in federal district court for alleged USSERA violations); *see also* 38 U.S.C. § 4324(b) ("A person may submit a complaint against a Federal executive agency or the Office of Personnel Management under this subchapter directly to the Merit Systems Protection Board."). Therefore, the MSPB, rather than federal district court, is authorized to determine whether a federal executive agency has complied with USSERA. *Dew*, 192 F.3d at 372 Moreover, the Court of Appeals for the Federal Circuit has exclusive jurisdiction to review the decisions of the MSPB. *Id.*

In the instant case, plaintiff claims that USDOT violated USSERA by unlawfully hiring personnel from a private contractor, Tai Pedro, to work at USMMA while plaintiff was on military leave. This is clearly a private action against the federal government as an employer, which is explicitly prohibited by Section 4324. As discussed above, any USSERA actions against the federal government as an employer are solely within the jurisdiction of the MSPB. Accordingly, the Court lacks subject matter jurisdiction over plaintiff's USSERA claim.

Plaintiff also alleges that he appealed to the MSPB on September 19, 2005, and has yet to obtain a response. (Am. Compl. ¶ 13.) To the extent plaintiff is also seeking to bring this action to review his MSPB appeal, the Court still lacks subject matter jurisdiction. As discussed above, the Court of Appeals for Federal Circuit, not the federal district courts, has jurisdiction to review decisions of the MSPB.[4] Accordingly, plaintiff's purported

---

[4] Although the Court recognizes that it does have jurisdiction to review those appeals defined as "mixed appeals" (*see* 5 U.S.C. § 7703(b)), that situation is not present in the instant case. A

claims under USSERA or a MSPB appeal are dismissed.

### C. FOIA Violations

Plaintiff also claims that defendant violated FOIA by failing to provide him with the documents he requested regarding the defendant's contract with Tai Pedro employees. Defendant argues that plaintiff's claim should be rendered moot because the defendant eventually produced the sought after document. The Court agrees with the defendant.

FOIA confers jurisdiction on the district courts "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld." 5 U.S.C. § 552(a)(4)(B); *U.S.D.O.J. v. Tax Analysts*, 492 U.S. 136, 142 (1989). Here, although plaintiff alleges that he was lied to about certain materials and that the production of materials was delayed, it is undisputed that he eventually received the requested documents. (Am. Compl. ¶¶ 10, 14.) Any requests for relief by this Court to "enjoin" defendant and "order the production" of plaintiff's FOIA requests would be rendered moot. *See DiModica v. U.S.D.O.J.*, No. 05 Civ. 2165 (GEL) (FM), 2006 WL 89947, at *3-*4 (S.D.N.Y. Jan. 11, 2006) (dismissing FOIA claim as moot because plaintiff received responsive documents). Therefore, the Court does not have the jurisdiction to entertain this FOIA claim.

Moreover, plaintiff does not allege that the government's production was not responsive to his request, or that the government has improperly withheld certain responsive documents. *See id.* at *4 ("Such a claim of less than full disclosure cannot be mooted simply by providing a response, for in that case a court must still address plaintiff's claim that he should have received additional documents."); *see also Pitts v. Comm'r of Internal Revenue*, No. 05 Civ. 1313 (GEL), 2005 WL 1278528, at *2 (S.D.N.Y. May 10, 2005). Here, rather than complain that the documents he received were inadequate, plaintiff instead argues that he was unhappy with the manner in which he received them. The Court does not have jurisdiction over the relief plaintiff seeks. Therefore, USDOT's production of the responsive document moots plaintiff's claim, which will therefore be dismissed for lack of subject matter jurisdiction.

### D. Taxpayer Claim

Finally, to the extent that plaintiff is attempting to allege some sort of action on behalf of "U.S. Citizens and Taxpayers" based upon a claim that the USDOT committed violations by entering into a contract with Tai Pedro, that claim is also dismissed.

To establish standing in federal court, the party bringing the lawsuit must allege an actual case or controversy. *Deshawn E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998); *see Jaghory v. New York State Dep't of Educ.*,

---

"mixed case appeal" is "an appeal filed with the MSPB that alleges that an appealable agency action was effected, in whole or in part, because of discrimination on the basis of race, color, religion, sex, national origin, handicap or age." 29 C.F.R. § 1614.301(a)(2). Plaintiff did not raise any allegations of discrimination in his MSPB petitions. (*See* McGinn Decl., Exhs. A-G.) Therefore, the Court lacks jurisdiction to review the MSPB appeals. *See Perry v. O'Neil*, 212 F. Supp. 2d 99, 107-08 (E.D.N.Y. 2002) (dismissing case for lack of subject matter jurisdiction where plaintiff failed to raise his discrimination claim to the MSPB).

9

131 F.3d 326, 329 (2d Cir. 1997) ("Article III of the U.S. Constitution requires that a 'case' or 'controversy' be present in order to confer jurisdiction on federal courts for a particular claim; standing to sue is an essential component of that requirement"). The issue of standing is a "threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

Under Article III, standing to bring suit in federal court is limited to a plaintiff who can "show that the conduct of which he complains has caused him to suffer an 'injury in fact' that a favorable judgment will redress." *Elk Grove Unified Sch. Dist. v. Newdow,* 542 U.S. 1, 12 (2004); *see also Ziemba v. Rell,* 409 F.3d 553, 555 (2d Cir. 2005). Further, among other standing requirements, "a plaintiff's alleged injury must be an invasion of a concrete and particularized legally protected interest." *McConnell v. Fed. Election Comm'n,* 540 U.S. 93, 107 (2003); *see also Ziemba,* 409 F.3d at 554.

Status as a taxpayer or citizen is typically not enough to establish standing in a lawsuit. *Bd. of Educ. of the Mount Sinai Union Free Sch. Dist. v. N.Y. State Teachers Ret. Sys.*, 60 F.3d 106, 110 (2d Cir. 1995) ("A federal taxpayer . . . cannot rest standing to challenge acts of Congress, or acts taken by other arms of the federal government, on the theory that the challenged conduct injures him through its effect on his taxes."); *Gosnell v. Fed. Deposit Ins. Corp.*, 938 F.2d 372, 375 (2d Cir. 1991) ("[A]n individual's status as a taxpayer, taken alone, is insufficient to give him standing to challenge the action of an administrative agency in federal court."). The Second Circuit has concluded that standing premised on federal taxpayer status does not present a concrete injury for the purposes of standing. *Bd. of Educ. of the Mount Sinai Union Free Sch. Dist.*, 60 F.3d at 110 ("A federal taxpayer . . . cannot rest standing to challenge acts of Congress, or acts taken by other arms of the federal government, on the theory that the challenged conduct injures him through its effect on his taxes . . . because the federal taxpayer's 'interest in the moneys of the Treasury . . . is shared with millions of others [and] is comparatively minute and indeterminable; and [because] the effect upon future taxation, of any payment out of the funds . . . [is too] remote, fluctuating and uncertain.'") (quoting *Massachusetts v. Mellon*, 262 U.S. 447, 487 (1923)). "[T]o establish standing as a taxpayer, an individual must demonstrate that the challenged agency action is based on the Government's taxing and spending power, and, in addition, that the action is contrary to a specific constitutional limitation on the exercise of that power." *Gosnell*, 938 F.2d at 375; *see also Pietsch v. Bush*, 755 F. Supp. 62, 66 (E.D.N.Y. 1991) ("The doctrine of 'taxpayer standing' is an extremely limited one; it can be invoked only 'to challenge Establishment Clause violations when the allegedly unconstitutional action was authorized by Congress under the taxing and spending clause of Art I, § 8.'") (citations omitted).

In the instant case, plaintiff argues that, while he was on military leave, the workers the Government hired from the private contractor, Tai Pedro, were "inept" and are currently "causing plaintiff damages." (Am. Compl. ¶ 15.) In addition, plaintiff merely alleges that "absent injunctive relief . . . [d]efendant is likely to continue to injure citizens and taxpayers, along with harm the public interest and regulation." (*Id.* ¶ 19.) To the extent plaintiff is arguing that his status as a taxpayer alone is sufficient for standing, that argument has been explicitly rejected by the

10

Second Circuit. *See Bd. of Educ. of the Mount Sinai Union Free Sch. Dist.*, 60 F.3d at 110. Plaintiff makes no allegation that the challenged agency action is based on the Government's taxing and spending power, nor that it is allegedly in violation of a specific constitutional limitation. Dissatisfaction with the use of Tai Pedro is insufficient to establish standing as a taxpayer or on behalf of taxpayers. As such, the Court grants defendant's motion to dismiss with respect to plaintiff's taxpayer allegation.[5]

## IV. CONCLUSION

For the aforementioned reasons, defendant's motion to dismiss is granted in its entirety pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

However, plaintiff's Title VII claim is dismissed without prejudice to replead in accordance with this Memorandum and Order. Specifically, the plaintiff must allege how he has exhausted his administrative remedies, name the proper party in the caption, and replead to adequately state a claim pursuant to Rule 12(b)(6). Moreover, as discussed *infra*, plaintiff's motion for a stay is denied.

The Court will conduct a conference on Tuesday, September 16, 2008 at 11:00 a.m. in the United States Federal Courthouse, 100 Federal Plaza, Central Islip, NY, Courtroom 920, to discuss the schedule for the filing the Amended Complaint and any other issues the parties wish to address.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: September 10, 2008
Central Islip, New York

\* \* \*

The plaintiff is proceeding *pro se*. The attorneys for the defendant USDOT are Denise McGinn, Esq. and Thomas A. McFarland, Esq., Assistant United States Attorneys, of the United States Attorney's Office, Eastern District of New York, 610 Federal Plaza, Central Islip, New York 11722.

---

[5] On September 21, 2007, plaintiff moved for a default judgment because defendant failed to answer. Given defendant's filing of the motion to dismiss, the Court finds no legal or factual basis for the motion. Accordingly, plaintiff's motion for a default judgment is denied.